112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-35385.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen appeals pro se the district court's judgment under Fed.R.Civ.P. 52(c) in favor of the United States in Allen's Federal Tort Claims Act ("FCTA") action. Allen alleged that the United States Marshal Service negligently caused him permanent injury while transporting him from the Lane County Jail to the federal courthouse in Eugene, Oregon. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 Allen contends that the district court erred by granting defendant's motion for judgment on partial findings under Fed.R.Civ.P. 52(c). This contention lacks merit.
 
 
 4
 In reviewing a judgment entered pursuant to Rule 52(c) following a bench trial, this court reviews the district court's findings of fact for clear error and its legal conclusion de novo. See Price v. United States Navy, 39 F.3d 1011, 1021 (9th Cir.1994). The district court's finding of negligence is a finding of fact reviewed under the clearly erroneous standard. See Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (internal quotations omitted).
 
 
 5
 Based upon our review of the record, we cannot say that the district court clearly erred by finding that Allen failed to establish that the United States Marshals were negligent when Allen tripped on the curb and fell. See id.; Fazzolari v. Portland School Dist. No. 1J, 734 P.2d 1326, 1334 (Or.1987). Accordingly, we affirm the district court's judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3